## Rutherford v. Miner

*Shaffer, Calkins & Balaban,* for plaintiff.
*Cooper & Butler,* for defendant.

GATES, *P.J.,* Specially Presiding, August 1, 1977 — On September 20, 1974, plaintiff filed a complaint in assumpsit seeking the return of money loaned to defendant in preparation for his becoming a partner in an insurance partnership. In paragraph eight of the complaint it is specifically averred that the moneys to be loaned and advanced by plaintiff to defendant were to be in the nature of a loan and that the "said agreement of loan to be entirely outside any partnership agreement that they would make."

Prior to this suit, defendant had filed a complaint in equity seeking the dissolution of the partnership which admittedly was formed between the parties after the loan and loan agreement which is the subject of this proceeding.

For a variety of reasons connected with the equity proceedings filed in the Common Pleas Court of Cumberland County no. 5, October term, equity

docket, 1973, this assumpsit action was stayed pending the outcome of the partnership dissolution proceeding.

After a series of preliminary proceedings, a receiver pendente lite was eventually appointed by the court on May 8, 1974, and an equity trial held on October 29, 1974.

On July 9, 1975, the chancellor dissolved the partnership and set out a schedule of distribution in accordance with the receiver's report, as modified by valid exceptions filed thereafter.

On December 12, 1975, the receiver pendente lite was discharged by order of court.

The matter presently before us is in the nature of preliminary objections to the complaint in assumpsit and the sole issue now is whether the equity dissolution proceeding constitutes a bar to plaintiff's proceeding in this assumpsit case. We conclude that the equity dissolution of the partnership is no bar to further proceedings in this assumpsit action.

The matter before us now addresses a personal loan allegedly made by Rutherford to Miner at a time they were not partners and at a time prior to the formation of the partnership which was dissolved by the equity action filed in no. 5, October term, equity docket, 1973. At no time did the court or the receiver pendente lite consider or pass upon the validity of any personal loan supposedly made by Rutherford to Miner prior to the creation of the partnership. Of course it would have been improper to do inasmuch as the dissolution proceeding was concerned only with the assets and liabilities of the partnership which could only embrace the transactions which occurred at the time and subsequent

to the formation of the partnership. Although a partnership agreement could be drawn so as to encompass prior obligations between the parties, this was not done in this case. The allegations in the present assumpsit action concern transactions and alleged loans between the parties from a date as early as August 25, 1969, a period of time well before the partnership was formed.

We have reviewed the accounting in the equity action and there is no reference to this debt. Consequently, it was not a matter foreclosed by the equity proceedings.

This is fortified by the thought that it would be improper for an equity court to consider a money damage claim based on an agreement which was not encompassed by the partnership agreement. In this complaint the loan agreement is alleged to be entirely outside the scope of any partnership agreement the parties to the loan agreement might subsequently make.

Finally, for obvious reasons the doctrine of res judicata has no application. There is no identity of the subject matter of the suit, the form of action or the capacity in which the parties appear here. Consequently we shall enter the following

## ORDER

And now, August 1, 1977, defendant's preliminary objections are dismissed with leave to answer the complaint within 20 days from the date of the receipt of a copy of this order.